## THE ALBERT SCHULTZ.[*]

*(District Court, E. D. Louisiana.  April 11, 1882.)*

ADMIRALTY PRACTICE—RESIDUUM IN REGISTRY.

Courts of admiralty recognize legal titles and legal and equitable liens, and after a judgment has been rendered in favor of a party having a claim upon the *residuum* in the registry, it is brought to the notice of the court that an equitable action of nullity has been instituted in a state court to annul the transfer by which said party held title to the claim, on the ground of fraud and simulation, the court of admiralty will order the proceedings in execution of its judgment to pause until the termination of the suit in equity in the state court.

*W. S. Benedict,* for the claimant of the *residuum.*

*Richard De Gray,* for plaintiff in the action of nullity.

BILLINGS, D. J.  In this case there had been a seizure under admiralty process, and a sale, and a contestation as to the *residuum* or surplus remaining in the registry of the court.  At this term of the court there was a judgment recognizing ——— Lipperts as entitled to $———as assignee of Albert Schultz.  A creditor of Schultz has commenced suit in the state court to annul the transfer of this claim to Lipperts on the ground of insolvency, fraud, and simulation.  To this suit Lipperts and Schultz have been made parties.  The creditor has filed a copy of the record in this court, and has moved for what is equivalent to an order postponing the execution of the judgment in favor of Lipperts until the termination of the revocatory suit.  If these suits, the one in this court and the suit to annul, were pending in courts deriving their authority from the same sovereignty, the court having in charge the question of title could properly enjoin proceedings in the court having possession of the fund; but, since one is a federal and the other a state court, this cannot be done.  This court, as a court of admiralty, has no equity jurisdiction.  It is often said to be a court of equity.  The meaning of that expression is that it is a court which is not governed by artificial or technical rules or mode of procedure, and therefore it acts with the spirit of the purest equity and good conscience; but it cannot change the legal relations of parties to property, as can a court of chancery.  Even in the execution of its judgments, if it encounters an impediment which requires the action of a court of chancery, it must pause until some other court with suitable powers has acted.

In the matter now before the court, under the law of Louisiana, the creditor instituting this action of nullity has a *quasi* lien, which, if .

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

successful in his suit, will ripen into an absolute right. In the distribution of the funds which form a *residuum* in the registry, courts of admiralty recognize legal titles, and legal and equitable liens. I think, therefore, though there is no precedent, a case is presented where this court should pause in the execution of this judgment until the termination of the suit in equity.

Let the judgment be amended by adding: "But it having been properly called to the attention of the court that an equitable action is pending for the determination of the title to the claim or interest of the said Lipperts, so far as relates to the amount adjudged to him, it is ordered, adjudged, and decreed that the execution of the judgment be postponed until the further order of this court."